[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence October 16, 1992 Date of Application March 28, 1993 Date Application Filed March 31, 1993 Date of Decision September 26, 1995
Application for review of sentence imposed by the CT Page 11868 Superior Court, Judicial District of Hartford.
Docket No. CR90-72032;
Paul J. McQuillen, Esq., Counsel, for Petitioner.
Carl E. Taylor, Esq., Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
In connection with the late filing of this petition, reference is made to the decision of the court (Sferrazza, J.) in Docket No. CV931795S, Judicial District of Tolland, dated April 20, 1995.
After a plea of guilty, petitioner was convicted of manslaughter in the first degree in violation of General Statutes Section § 53a-55 (a)(2).
As a result of such conviction, a sentence of twenty years was imposed.
The facts underlying petitioner's conviction indicate that on November 28, 1990, about 7:00 p. m., he was at home with his family when the family dog began to bark. Petitioner went upstairs to investigate and observe his daughter and her former boyfriend, the victim, leaving her bedroom. Petitioner told the victim to leave as he did not belong in the house. Petitioner then returned downstairs. Later the victim and petitioner's daughter came downstairs. Again, petitioner asked the victim to leave and the victim ignored petitioner's request. Petitioner then unsuccessfully attempted to call the police. Petitioner then encountered the victim and his daughter in the garage where petitioner for a third time ordered the victim to leave. The victim then approached petitioner and said, "what are you going to do, shoot me?" Petitioner then took a 9 millimeter pistol from the work bench, loaded the weapon and, as the victim came towards him CT Page 11869 saying, "go ahead, are you going to shoot me," petitioner pointed the pistol at the victim and fired two shots whereupon the victim fell. Thirty seconds later petitioner fired another shot into the victim's body. The victim died as a result of the gun shot wounds.
Petitioner's attorney argued that the sentence imposed, the maximum sentence for this offense, was excessive under the circumstances.
The attorney pointed out that although the original charge had been murder, this was, in fact, a true manslaughter, and that petitioner did not deserve the maximum sentence for this offense.
It was argued that petitioner had always been a good family man and that he accepted responsibility for this offense by going to the police and confessing immediately after the shooting. The attorney further argued that the crime involved strong emotions and that the petitioner was frustrated in his attempts to remove the victim from the home.
The attorney stated that considering the seriousness of the offense a lengthy period of incarceration might be appropriate but that such incarceration should be well under the maximum which could be imposed for the offense.
Speaking on his own behalf, petitioner expressed his sorrow for the offense, and stated that it was a product of the anger he felt at the time.
The State's attorney argued that the sentence should be affirmed. The attorney pointed out that petitioner shot the victim twice then shot him again. The attorney further argued that petitioner had no right to take the law into his own hands, that he should have waited until the police could be summoned to remove the victim.
The State's attorney stated that there was no justification for the homicide which resulted in the death of a young man and the disruption of the life of his family.
The sentencing judge took into consideration the fact that the crime was a result of petitioner's extreme emotional disturbance. The judge also took into consideration CT Page 11870 petitioner's prior exemplary life. The court, however, concluded that the third shot fired by petitioner into the victim as he lay on the ground took away all mitigation.
Although the crime here was committed after provocation by the victim, petitioner clearly had no right to take the life of the victim. The court correctly concluded that the offense was committed in a cruel and unnecessary manner. Considering all of the factors involved the sentence cannot be found to be excessive or disproportionate under the circumstances.
Sentence affirmed.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.